**In re WHITE'S ESTATE.**

No. 55459.

District Court of the United States for the District of Columbia.

Nov. 27, 1940.

Supplemental Opinion Dec. 3, 1940.

John E. Laskey, of Washington, D. C., for administratrix.

Peelle, Lesh, Drain & Barnard, of Washington, D. C., for exceptant.

LAWS, Justice.

There is pending before me for determination, a petition filed by Noel R. White in this cause by which petition he "objects and excepts" to the first account of the administratrix, widow of decedent, insofar as said administratrix claims credit and allowance to herself individually for a sum of $3,900, representing monthly payments said to be due under contract between the claimant and decedent dated October 9, 1920, and a further contract made on November 16, 1922. Petitioner maintains there is no basis in fact or law for said claim. No motion or responsive pleading appears to have been filed in answer to said petition.

While the question does not appear to be formally raised, yet at the oral argument the contention was made by counsel for petitioner that the dispute of the aforesaid claim might be disposed of in this cause, and the contention was made by counsel for claimant that the dispute must be decided in a different division of this Court having direct jurisdiction over construction of contracts. Since the oral argument before me, that is to say, on November 20, 1940, a complaint has been filed by the claimant in another division of this Court, seeking to have the alleged agreement construed, said suit being entitled "Mary L. White, Individually and as Administratrix of the Estate of Robinson White, Deceased, v.

Noel R. White, et al, Civil Action No. 9144."

Since both the petition in this cause and the bill to construe the alleged contract filed in Civil Action No. 9144 appear to raise a question as to the validity of the claim of the widow of decedent, it follows that in approving the first account, a reservation should be made by the Court as to validity of the credit and allowance aforesaid until such time as a final judicial determination is made. Beyond this the Court is not now called upon to rule. In the event it is desired to have determined the legal question as whether the validity of the contracts giving rise to the aforesaid claim may be raised in this administration cause and in no other division of this Court, the question should be brought to the attention of the Court by appropriate motion or pleadings in this cause or in Civil Action No. 9144, or both.

Accordingly, in the absence of other objections, an order will be entered now approving the first account of the administratrix in this cause, except as to the individual claim aforesaid of the administratrix, as to which claim the question of approval will be withheld until final determination of its validity by appropriate judicial proceedings.

### Supplemental Opinion.

Since filing a memorandum herein under date of November 27, 1940, my attention has been called to an "Answer of Mary L. White, Administratrix, * * * to Petition Objecting and Excepting to the First Account of Administratrix," from which it appears I was in error in my understanding that no motion or responsive pleading had been filed in answer to the petition of Noel R. White. This makes it advisable to consider whether this error has any bearing upon the conclusion reached that the question of the jurisdiction of the Probate Division of this Court to determine the individual claim of administratrix had not been formally raised by the pleadings.

■ The petition of Noel R. White is by way of objecting to the first account of the administratrix, it being set forth that the individual claim of the administratrix, being without basis in fact or in law, should not be allowed. I take it this petition is nothing more than an objection, and

that it does not place in litigation the question of the individual rights of the administratrix under the alleged contract. Nor does the answer of the administratrix place the question in litigation; on the contrary, the answer denies the right to determine the question in these proceedings. Counsel on both sides agree the burden of establishing the claim is on the administratrix acting in her individual capacity. If she has such burden, it is her right and privilege to assert her claim and, if a prima facie case is made out, to have a specific answer to the facts she alleges. This privilege has not been availed of in this cause. Therefore, it seems the sole question in this cause is whether the *first* account of the administratrix will be approved, with the contractual claim of the administratrix against the estate included. All are agreed the account should not be so approved.

In Civil Action No. 9144, filed in this Court since the oral argument of this cause, the administratrix has asserted her claim under the contracts upon which she relies. If the defendant Noel R. White (who filed the petition of objections to the account in this administration cause) answers the claim thus asserted in Civil Action No. 9144, the question of jurisdiction becomes moot. On the other hand, if in the last mentioned suit, the said Noel R. White attacks the right to proceed other than in the Probate Division of this Court, the issue of jurisdiction, it seems, will be squarely raised. If successful in his contention, the administratrix would be relegated to her claim in the Probate Division, such claim to be submitted, not on objections to a first or an intermediate account, but upon a petition setting forth her claim, assuming the burden of proof, and calling for an answer, in law and in fact, to the allegations made by her.

■ Therefore, it seems no change should be made in the ruling of the Court by its memorandum herein filed November 27, 1940. The importance of the proper formal raising of the issues is apparent, for if a ruling is made simply upon argument of counsel and not upon issues properly raised by the pleadings, such ruling is not res adjudicata and is not one from which the defeated party properly may raise the question on appeal.